# JUAN J. GERARDINO

*v.*

# HOME INSURANCE COMPANY.

---

San Juan, Law, No. 1525.

REMOVAL OF CAUSES.

Removal—Nonresident Corporation May Move.

    1. Where a corporation organized under the laws of one of the states of the Union is the defendant in an action brought in one of the Insular courts of Porto Rico by a resident of Porto Rico, such defendant corporation has a perfect right to remove the case to this court provided over $3,000 is involved, exclusive of interest and costs.

Removal—Petition and Bond.

    2. In order to accomplish such removal, however, there must be filed in the Insular court a proper petition and a proper bond in accordance with the acts of Congress.

Removal—Bond Must Bear Corporate Seal.

    3. Where such a nonresident defendant corporation seeks to re-move an action from Insular district court to this court, and files a bond with a surety company as surety, such bond, in order to be valid, must carry the corporate seal both of the principal and of the surety company.

Removal—Bond without Seal—No Removal.

    4. Where, in such attempted removal, the two corporations exe-cute a bond, but the seal of one corporation only appears, such cause has not been lawfully removed to this court, and a motion to remand will be granted.

Opinion filed December 17, 1921.

---

 *Mr. A. S. Poveulud* and *Mr. Jose A. Poveutud* for **plaintiff.**

*Mr. H. F. Besosa* for defendant.

Gerardino v. Home Ins. Co.

ODLIN, Judge, delivered the following opinion:

In this case the plaintiff, a citizen of the United States with his domicil in Porto Rico, at the city of Ponce, brought a suit in the Insular district court at Ponce against the defendant, a New York corporation. Within the time allowed by act of Congress the defendant attempted to remove the case to the United States district court for Porto Rico. The petition for the transfer was filed in the Insular district court on the 6th of October, 1921. With the petition there was a document filed which purported to be a bond, and the principal therein was the defendant, the Home Insurance Company, and the surety upon said bond was the National Surety Company.

After the transcript of the record had been filed in this court, the plaintiff presented a motion to remand, which motion was argued by counsel for the plaintiff and by counsel for the defendant. It was admitted during this argument that the document which purported to be a bond was drawn in the Spanish language; that the defendant's counsel soon thereafter discovered that there was some defect in the instrument, because, according to the Spanish, the conditions were specifically set forth upon which such bond should be declared in full force and virtue, but it was not specifically set forth under what conditions said instrument or alleged bond should be deemed null and void. Thereafter, before the 9th day of November, 1921, by permission of the judge of the Insular court at Ponce, an instrument was filed which purported to be an amended bond, and this instrument was approved by the honorable Judge of the Insular court. And the latter thereupon ordered the case transferred to the United States district court for Porto Rico.

Gerardino v. Home Ins. Co.

The motion to remand presented by the counsel for the plaintiff, and which had been argued at length, contains several grounds, but this court is of the opinion that it is not necessary to consider them. It appears by the transcript of the record that the original instrument called a bond and also the amended instrument called a bond carry the corporate seal of the National Surety Company, but do *not* carry the corporate seal of the Home Insurance Company, the defendant in this action. This court is of the opinion, that, where the principal upon a removal bond is a corporation and where the surety upon a removal bond is a corporation, it is not sufficient that the corporate seal of the surety alone be affixed to the instrument; but that it is necessary that the corporate seal of the principal as well as of the surety be affixed to the instrument. In other words, this court is of the opinion that an instrument executed by a corporation cannot be a bond unless the corporate seal of such corporation is affixed to the instrument.

Therefore, this court is of the opinion that no valid bond has ever been filed for the removal of this cause, and therefore the motion to remand will be granted.

To this ruling counsel for the defendant excepts.